**John Edward WARD, Jr.,**
**Plaintiff–Appellee,**

v.

**Rick DAY; Mike Mahoney, Warden; Leonard Mihelich, Deputy Warden; Janet Cox, Supervision of the Records Department of the M.D.O.C., Defendants–Appellants.**

No. 03–35385.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.*

Decided July 21, 2004.

---

Fed. R.App. P. 34(a)(2).

Patrick F. Flaherty, Esq., Great Falls, MT, for Plaintiff–Appellee.

Elizabeth S. Baker, Esq., Hughes Kellner Sullivan & Alke, Helena, MT, for Defendants–Appellants.

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

We affirm, substantially for the reasons stated by the district court, the denial of summary judgment on the grounds of qualified immunity as to Janet Cox, Leonard Mihelich, and Michael Mahoney. The district court denied qualified immunity for these three defendants because the good time credits of a state prisoner John Edward Ward, Jr., were miscalculated contrary to a state court order from the prisoner's sentencing judge stating that good time credit should be granted for time that Ward served in a county jail awaiting resolution of a petition to revoke a prior probationary period.

Specifically, the Montana Department of Corrections (MDOC) had received an August 4, 2000 order of state district court Judge Thomas M. McKittrick entitled, "ORDER GRANTING GOOD TIME CREDIT," which stated in its entirety:

> This court considers the Defendant's Request for Good Time to be a Petition for Post–Conviction Relief. Having reviewed the Petition and the Montana Supreme Court's decision in *MacPheat v. Mahoney*, 299 Mont. 46, 997 P.2d 753 (2000),
>
> IT IS HEREBY ORDERED that the Department of Corrections credit good time in accordance with the requirements in Section 53–30–105, M.C.A., for the time prior to a disposition hearing on a Petition to Revoke that the Defendant served in the Cascade County Jail from February 18, 1996, to August 14, 1996.

We agree with the federal district court that this order should have appeared to Cox, Mihelich, and Mahoney to have required that the MDOC credit good time for Ward's time served in Cascade County

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jail from February 18, 1996, to August 14, 1996. This order was sent by the state court to Cox. The state court did not directly send to Mihelich and Mahoney a copy of the order, but Ward advised them each that Cox had disregarded a specific state order to give him credit. The Montana Supreme Court in a state habeas proceeding subsequently affirmed the state district court's order, and directed the MDOC to release Ward. Although the MDOC officials promptly complied with the state supreme court's order, Ward by then had been detained fifteen days beyond the rightful expiration of his sentence. His suit seeks to hold responsible Cox for disregarding the order, and Mihelich and Mahoney for displaying deliberate indifference to the erroneous calculation of his good time credit by Cox.

As a matter of law, the existence of any MDOC policy contrary to the state district judge's initial order was not controlling, and the officials, each of whom was aware of Ward's plight, were bound to abide by Judge McKittrick's order unless or until it was appealed and reversed. Consideration of these three defendants' refusal to follow the order, whatever they urge to be their motivation, raises a genuine issue of material fact, for the jury's decision, whether the correctional officers acted with "deliberate indifference" to Ward's constitutional liberty rights. If the officers acted with deliberate indifference, with a result to extend Ward's imprisonment beyond its proper bounds, then a constitutional violation is presented. *See Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir.1985) (en banc) ("Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest.").

As to the additional question whether the law was clearly established as to these defendants, which would defeat qualified immunity, we agree with the district court that a jury here should decide whether a reasonable officer, faced with knowing about Judge McKittrick's order and any conflicting departmental policies, would have denied good time credit to Ward. Under the circumstances of this case, because relevant factual issues were raised, a summary judgment granting qualified immunity to defendants was not warranted. *See Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Alexander v. Perrill,* 916 F.2d 1392, 1398 (9th Cir.1990) (affirming a denial of officers' summary judgment motion on qualified immunity grounds, because "prison officials who are under a duty to investigate claims of computational errors in the calculation of prison sentences may be liable for their failure to do so when a reasonable request is made.").

Critical to our decision as to Cox is that she was directly presented with an unequivocal state court order, which she disregarded. Critical to our decision as to Deputy Warden Mihelich and Warden Mahoney is that Ward told each of them that Cox was disregarding a state court order, and nothing in the record establishes that these wardens properly discharged their duty to investigate that arose upon that advice. When Ward complained Cox was disregarding a specific state court order, the wardens could not properly discharge their duty to investigate merely by referring Ward's communications to Cox.

By contrast, because the record does not reflect any issue of fact about whether the Director of the Montana Department of Corrections, Rick Day, was either aware of the court order or was otherwise under a duty to investigate the department's noncompliance with the order, we reverse the district court's denial of summary judg-

ment as to Day and direct that Day be dismissed from the suit.

AFFIRMED in part, REVERSED in part.